PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA DAWN HARDIE, | ) | |
| | ) | CASE NO. 5:23CV1848 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARTIN J. O'MALLEY,[1] | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 9] |

An Administrative Law Judge ("ALJ") denied Plaintiff Angela Dawn Hardie's application for supplemental security income ("SSI") after a hearing in the above-captioned case. The ALJ relied on a vocational expert's ("VE") opinion expressed at the hearing that a person with Plaintiff's residual functional capacity ("RFC") could perform jobs as a document preparer (1,900 jobs available in the national economy), parimutuel-ticket checker (1,900 jobs available in the national economy), and call-out operator (3,000 jobs available in the national economy). *See* Transcript of Oral Hearing (ECF No. 5 at PageID #: 112-13). That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Jonathan D.

---

[1] Kilolo Kijakazi was the original Defendant. He was sued in an official capacity as a public officer. On December 20, 2023, Martin J. O'Malley became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), O'Malley's name has been automatically substituted as a party.

Greenberg for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report & Recommendation (ECF No. 8) reasoning that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and was made pursuant to proper legal standards. According to the magistrate judge, "[a]s substantial evidence supports the ALJ's finding that 6,800 jobs was a significant number and the finding does not conflict with Sixth Circuit precedent, the ALJ's finding should not be disturbed." ECF No. 8 at PageID #: 1720. The magistrate judge recommends the Commissioner's decision denying benefits be affirmed. For the reasons given below, the undersigned agrees.

**I.**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of

evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y. of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Cabrera v. Comm'r of Soc. Sec.*, No. 1:20CV1947, 2022 WL 782607, at *2 (N.D. Ohio March 15, 2022).

**II.**

The Court has reviewed the Report & Recommendation (ECF No. 8) *de novo*. The Court has also considered Plaintiff's Objections to the Report and Recommendation (ECF No. 9) and Defendant's Response (ECF No. 10). Plaintiff requests that the Court remand the case to the Commissioner for further proceedings to determine if based on the combination of Plaintiff's impairment related symptoms, she was capable of performing a sufficient number of jobs when engaging in substantial gainful activity on a full-time and sustained basis. *See* ECF No. 9 at PageID #: 1724.

Plaintiff claims she is disabled due to a variety of conditions, including coronary artery disease, Buerger's disease, partial foot amputation, conversion disorder, anxiety, depression, learning disability, and hernia. *See* Disability Report (ECF No. 5 at PageID #: 367). The magistrate judge recommends that the Court affirm the final decision of the Commissioner denying Plaintiff's application for SSI. After carefully reviewing the law, the parties' arguments, and the evidence of record, the Court concludes that the ALJ correctly assessed the proffered evidence and correctly applied the law to that evidence.

**III.**

Plaintiff objects to the finding of the magistrate judge that the Commissioner's decision

that Plaintiff was not disabled is supported by substantial evidence. According to Plaintiff, the finding of the magistrate judge that the ALJ properly evaluated and considered whether a sufficient number of jobs existed at Step Five of the sequential evaluation was factually and legally incorrect.

At the last step of the five-step sequential evaluation process, if the claimant cannot perform her past relevant work, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether she can make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(v). Here, the ALJ denied Plaintiff's claim at the fifth step because Hardie could still perform some jobs with the RFC that the ALJ determined reflected her abilities. *See* ALJ Hearing Decision (ECF No. 5 at PageID #: 79).

Plaintiff continues to argue that 6,800 jobs does not represent "significant numbers in the national economy." ECF No. 9 at PageID #: 1722. According to Plaintiff, the magistrate judge erred when he determined in the Report & Recommendation (ECF No. 8) that the ALJ satisfied her burden at Step Five of the sequential evaluation.

An ALJ may determine that a claimant has the ability to adjust to other work in the national economy by relying on a VE's testimony that a hypothetical person with the claimant's abilities can perform specific jobs. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002). The Sixth Circuit has explained that "[a]n ALJ must tailor the determination of what is significant to the facts of each claimant's case is why we have said that ALJs 'should consider many criteria in determining whether work exists in significant numbers.'" *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 906 (6th Cir. 2016) (quoting *Hall v. Bowen*, 837 F.2d 272, 275 (6th

Cir. 1988)). The determination of what constitutes a significant number of jobs, "should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Hall*, 837 F.2d at 275. "There is no 'magic number' that qualifies as 'significant' for purposes of satisfying this prong of the disability inquiry." *Cunningham v. Astrue*, 360 Fed.Appx. 606, 615 (6th Cir. 2010) (quoting *Hall*, 837 F.2d at 275). Here, the ALJ identified three jobs Plaintiff could perform, as supported by the VE's testimony. *See* ALJ Hearing Decision (ECF No. 5 at PageID #: 79) ("the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy").

In *Kutyba v. Comm'r of Soc. Sec. Admin.*, No. 5:22CV0483, 2023 WL 1438853 (N.D. Ohio Jan. 31, 2023), the ALJ found that 14,000 jobs in the national economy was a significant number to meet the burden at Step Five of the disability analysis. The district court concluded that substantial evidence supported the ALJ's finding that a significant number of jobs existed in the national economy that plaintiff could work. *Id.* at *8. The Court finds in the case at bar that it was not unreasonable for the ALJ to find 6,800 jobs significant for the purposes of Step Five. In *Nejat v. Comm'r of Soc. Sec.*, 359 Fed.Appx. 574 (6th Cir. 2009), the Sixth Circuit held that 2,000 jobs constituted a significant number of jobs in the national economy, citing other cases that found 2,500, 2,000, 1,350, 1,200, and 500 jobs to be significant. *Id.* at 579 (collecting cases). Therefore, the Court finds that substantial evidence supports the ALJ's finding that there were a significant number of jobs in the national economy.

**IV.**

Accordingly, Plaintiff's Objections (ECF No. 9) are overruled. The Report &

Recommendation (ECF No. 8) is adopted. The decision of the Commissioner of Social Security is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

July 11, 2024
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge